IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TUAN QUANG, | ) | |
| | ) | |
| Petitioner, | ) | 8:05cv429 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| INS[1], | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on filing no. 9, the Motion to Dismiss filed by the respondent, the U.S. Bureau of Immigration and Customs Enforcement ("BICE"). The BICE moves to dismiss the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 by Tuan Quang ("§ 2241 petition"). The petitioner, Mr. Quang, is a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"), after conviction of a nonviolent offense.

The petitioner states that the BICE has lodged a detainer against him, with the result that DCS officials refuse to grant him parole. According to the petitioner, a recent federal statute allows resident aliens like him to retain their residence status if convicted of a nonviolent offense, and, absent the BICE detainer, he would be eligible for parole to his home in the United States.

28 U.S.C. § 2241 provides relief for prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States."  The respondent seeks dismissal of the § 2241 petition on the ground that the petitioner is not "in custody" of the respondent

---

[1]"As a result of the Homeland Security Act of 2002, Pub.L. No. 107-296, 116 Stat. 2135 (2002), the INS has ceased to exist as an agency within the United States Department of Justice. Its enforcement functions now reside in the Bureau of Immigration and Customs Enforcement (BICE) within the Department of Homeland Security." Jordan v. Attorney General of the United States, 424 F.3d 320, 324 n. 3 (3d Cir. 2005). Therefore, for the purposes of this case, I substitute the U.S. Bureau of Immigration and Customs Enforcement ("BICE") for the named respondent, U.S. Immigration and Naturalization Service ("INS").

for purposes of 28 U.S.C. § 2241 simply because the BICE has lodged a detainer against him.  According to the respondent, the petitioner is solely in DCS custody, and the detainer is "for notification purposes only," i.e., so that DCS will notify the BICE when the petitioner is available to be taken into BICE custody in the future.

It is true that "[a]lmost all the circuit courts considering the issue have determined that the lodging of a detainer, **without more**, is insufficient to render the alien in custody [of the INS or BICE] ...."  Galaviz-Medina v. Wooten, 27 F.3d 487, 493 (10th Cir. 1994), cert. denied, 513 U.S. 1086 (1995) (emphasis added).  Accord Zolicoffer v. United States Dept. of Justice, 315 F.3d 538, 541 (5th Cir. 2003) ("This court agrees with the majority of the circuit courts considering this issue and holds that prisoners are not 'in custody' for purposes of 28 U.S.C. § 2241 simply because the INS has lodged a detainer against them.  Zolicoffer does not contend that the INS actually has ordered his deportation or that there is some other reason that he should be considered to be in the custody of the INS.").

On the other hand, the respondent fails to mention that the petitioner is indeed in the custody of the BICE if, in addition to the detainer, there is a final order of removal or deportation in effect, as in Mr. Quang's case.  See, e.g., Galaviz-Medina v. Wooten, 27 F.3d at 494:  "Here, however, the record suggests not only that a detainer was lodged, but also that there is a final deportation order in place  .... Consequently, the INS has a more concrete interest in this alien than those cases which have concluded the detainer is insufficient to satisfy the custody requirement  .... Since Appellant has a detainer plus a final order of deportation against him, we must conclude that he is 'in custody' of the INS for purposes of habeas review." (Citations omitted.)   Accord Simmonds v. INS, 326 F.3d 351, 356 & n.5 (2d Cir. 2003):

> Our conclusion in this case is the same as that reached by the Tenth Circuit in a pre-IIRIRA case, Galaviz-Medina v. Wooten, 27 F.3d 487 (10th Cir.1994), but our reasoning is slightly different. The panel in Galaviz-Medina found that a federal prisoner subject to an INS detainer and a final order of removal was in the custody of the INS, because the removal order gave the INS a right to the future, direct custody of the prisoner and because the order gave the INS "a more concrete interest" in the prisoner than it had in the aliens whose claims of INS custody rested on INS detainers alone. Id. at 493. As we have noted, IIRIRA, by requiring the INS to detain Simmonds as soon as he is released from state prison, has created a fundamental legal

2

> distinction between prisoners who, like Simmonds, are subject to a final order of removal and those subject only to an INS detainer .... [W]hen, as here, the legal consequences of a removal order are mandatory detention and the commencement of procedures to execute the order, the existence of the order is conclusive evidence of the INS's intention to assert custody. And that is all that is required ... to find that custody currently exists in the INS.

See also United States v. Female Juvenile, AFS, 377 F.3d 27, 35 n. 13 (1st Cir. 2004), noting that "a detainer, together with a final order of removal, may suffice to place the alien in the legal custody of the INS even if the alien is physically detained somewhere else." Cf. Rosales v. BICE, 426 F.3d 733, 735 (5th Cir. 2005): "At least four circuits have held that a final deportation order subjects an alien to a restraint on liberty sufficient to place the alien 'in custody.' .... We agree. The federal government has placed a significant restraint on [the petitioner's] liberty by issuing a final order of deportation against him. It must detain him once his removal period begins at his release from state prison. 8 U.S.C. § 1231(a)(1)(B)(iii), (a)(2). He is therefore 'in custody' under § 2241."

Because it is the order of removal or deportation which enables the petitioner to file a habeas action, the petitioner shall have approximately thirty (30) days from the date of this Memorandum and Order to state whether he intends to challenge the BICE's order of removal or deportation, rather than the BICE's detainer alone. If the order of removal or deportation is valid, the petitioner could not prevail in a habeas corpus action based the detainer alone.

If the petitioner does wish to proceed with a challenge to the order of removal or deportation on which the detainer is based, a recently enacted statute entitled the "REAL ID Act" has changed the manner in which such a challenge may be prosecuted. See Rosales v. BICE, 426 F.3d at 735-36: "[T]he REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005) ... amends the jurisdictional provisions of the Immigration and Nationality Act, altering the way in which noncitizens can seek judicial review of administrative orders of removal. Section 106 of the REAL ID Act has divested federal courts of jurisdiction over § 2241 petitions attacking removal orders, effective immediately and retroactively." "[T]he [REAL ID] Act expressly eliminated district courts' habeas jurisdiction over removal orders." Jordan v. Attorney General of the United States, 424

F.3d 320, 326 (3d Cir. 2005). "The REAL ID Act requires district courts to transfer any pending habeas cases to the appropriate court of appeals." Rosales v. BICE, 426 F.3d at 736. Therefore, if the petitioner elects to proceed with a challenge to the order of removal or deportation and the detainer lodged against him by the BICE, this court will transfer his case to the Eighth Circuit Court of Appeals, which has jurisdiction to entertain such an action.

THEREFORE, IT IS ORDERED:

1. That filing no. 9, the respondent's Motion to Dismiss, is denied;

2. That the petitioner shall have until April 26, 2006 to notify the court in writing whether or not he wishes to pursue a challenge to the order of removal or deportation on which the detainer against him is based; and

3. That in the absence of a timely response, this case will be dismissed without prejudice for the reasons discussed above.

March 27, 2006. BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge